IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 2:08-cr-89(1) |
| Jose Reyes Pereida-Castellon, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Jose Reyes Pereida-Castellon moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Doc. 429. He also moves to process pro se. Doc. 433. The United States opposes the motion to reduce sentence. Doc. 435. For the reasons below, the motion is denied.

In 2009, Pereida-Castellon pleaded guilty to drug conspiracy and immigration-related charges. Docs. 28, 29. The presentence investigation report calculated his sentencing range as 360 months to life, based on a total offense level of 42 and a criminal history category I. Doc. 215. He received no status points under United States Sentencing Guideline § 4A1.1(d) and had no criminal history points. Id. Pereida-Castellon was sentenced to 264 months in prison. Doc. 222.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." Id. at 831. "It permits a

sentence reduction within the narrow bounds established by the Commission." Id. In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826.

Pereida-Castellon generally seeks a sentence reduction under Parts A and B of Amendment 821. But neither Part provides relief. As to Part A, this portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Pereida-Castellon received no status points, so he is not eligible for a sentencing reduction under Part A of Amendment 821.

As to Part B, this portion of Amendment 821 provides an offense level reduction for "zero-point" offenders, who are offenders with no criminal history points. See U.S.S.G. § 4C1.1(a). But the reduction only applies retroactively if the defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role)[.]" U.S.S.G. § 4C1.1(a)(10). Pereida-Castellon received no scoreable criminal history points, but he received a 3-level adjustment under United States Sentencing Guideline § 3B1.1(b). Because he received that adjustment, he is not eligible for a sentence reduction under Part B of Amendment 821.

After extensive review the entire record and the relevant legal authority, Pereida-Castellon's motion to reduce sentence (Doc. 429) is **DENIED**, and his motion to proceed pro se (Doc. 433) is **MOOT**.

**IT IS SO ORDERED**.

Dated this 17th day of July, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court